CIE SERVICE CORPORATION, a Missouri corporation, as Attorney-in-Fact for Casualty Indemnity Exchange, Plaintiff,

v.

W.T.P., INC., a Hawaii corporation, dba Masquerade Club; Raymond Ho; Richard Batista and Ellen Batista, Defendants.

Civ. No. 87–0654.

United States District Court,
D. Hawaii.

April 27, 1988.

Davis, Reid & Richards, Carleton B. Reid, Ross N. Taosaka, Honolulu, Hawaii, for plaintiff.

Weinberg & Bell, Jan Weinberg, Roy Bell, III, Dennis Chu, Honolulu, Hawaii, for defendants.

Ronald G.S. Au, Connie G.W. Meredith, Honolulu, Hawaii, for W.T.P. Inc. and Raymond Ho.

## ORDER

KAY, District Judge.

### PRESENT MOTIONS

Defendants, W.T.P. and Raymond Ho, have moved this court for partial summary

judgment on the issue that plaintiff CIE Service Corp. (CIE) has a duty to defend defendants in an underlying state action. The plaintiff has filed a cross-motion for summary judgment seeking a determination that there is no duty to defend the defendants in the underlying state action and that no duty to indemnify exists.

## BACKGROUND

The plaintiff, CIE, filed this action seeking a declaratory judgment that CIE is not obligated to defend and/or indemnify Defendants, W.T.P. and Raymond Ho, in an underlying state lawsuit. The state lawsuit was filed March 5, 1987 against W.T.P. (dba Masquerade Club) and Ho, entitled *Batista v. W.T.P., et al.*, Civ. No. 87–0738–03. The underlying action is for monetary damages stemming from the alleged assault and battery of Richard Batista, a patron of the Masquerade Club, by Raymond Ho, an employee of the Masquerade Club on October 2, 1986. Richard Batista and his sister, while at the Masquerade Club the night of the incident, were allegedly intoxicated, obnoxious and disorderly. Richard Batista became physically belligerent and provoked a fight. He was apparently asked to leave but refused to do so. Raymond Ho, an employee of Masquerade Club, also a defendant in the underlying state action, came into physical contact with Batista when Ho attempted to get Richard Batista to leave the premises. Richard Batista subsequently swung at Ho and Ho swung back.

The insurance policy, which was in effect from April 3, 1986 to April 3, 1987, contained a provision "Coverage X—Liquor Liability" which defendants claim expressly includes the duty to defend under the instant circumstances.

## ANALYSIS

### A. *Summary Judgment*

Motions for summary judgment will be granted when no genuine issues of material fact are present. The moving party must demonstrate the lack of any factual dispute. The burden is then on the non-moving party to produce evidence by affidavit or otherwise to demonstrate that there is a genuine issue of material fact which must be decided by the trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626 (9th Cir.1987). Where there are no genuine issues of material fact, the issues can be decided as a matter of law. *Id.*

### B. *Duty to Defend*

The defendants claim that the plaintiff, CIE, is obligated to defend both W.T.P. and Raymond Ho. The interpretation of "Coverage X" for liquor liability controls the outcome of this motion as a matter of law as neither party has alleged that material facts are in dispute which would preclude summary judgment. The applicable policy provision states:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to which this insurance applies, sustained by any person if such liability is imposed upon the insured by reason of the selling, serving or giving of any alcoholic beverage at or from the insured premises, and the company shall have the right and duty to defend any suit against the insured seeking such damages, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

Coverage X (attached to defendants' moving papers).

The plaintiff claims that the above provision does not obligate it to defend in the underlying state action because

1. the incident that occurred between Raymond Ho and Batista did not arise out of the "selling, serving or giving of alcoholic beverages" and

therefore, the duty to defend under that provision is not triggered.

2. Raymond Ho is not an insured by virtue of not being an executive officer, director or shareholder of W.T.P. and therefore is not entitled to a defense by plaintiff.

3. the policy issued specifically excluded coverage for punitive or exemplary damages and therefore there is no duty to defend for those claims.

Plaintiff's cross-motion for summary judgment is based upon the same issues because it contends that plaintiff does not have a duty to defend or to indemnify defendants in the underlying state action.

■ In addition, the plaintiff asserts that the policy which was issued was only a dramshop liability policy and not a general liability policy. However, the policy is explicitly entitled a "General Liability Policy." The plaintiff focuses on the fact that in the underlying state action, the intoxicated patron is the plaintiff and the establishment the defendant; whereas, in a "normal" dramshop case, a third-party would be the plaintiff and the intoxicated person and the liquor establishment would be defendants. In the "normal" case, the plaintiff insurer would be obligated to defend the insured. Here, the insurer argues that they are not obligated. However, this is not persuasive because the language of the liquor liability provision in the policy does not make the same distinction. It merely states that the insurer has "a duty to defend *any suit against the insured* seeking such damages." "Such damages" refers to damages "sustained by any person if such liability is imposed upon the insured by reason of the selling, serving or giving of any alcoholic beverage at or from the insured premises...." This provision thus would indicate that a suit should be defended if the insured is sued as a result of selling, serving or giving alcoholic beverages and would not be limited to the "normal" dramshop liability case.

■ The plaintiff asserts that the "selling, serving or giving of alcoholic beverages at or from the insured premises" language of the provision cited above does not cover the subject incident of the state action. The defendants assert the contrary, that the language does cover the incident because Batista was intoxicated when the physical contact occurred.

The court holds that the plaintiff is being sued as a result of selling, serving or giving alcoholic beverages from the insured's premises. Under subparagraphs (b)(1) and (b)(2) of Section 281–78, Hawaii Rev.Stat., the liquor licensee (Masquerade Club) shall at no time "knowingly permit any person under the influence of liquor or disorderly person to be or remain in or on the licensed premises;" or "fail immediately to prevent or suppress any violent, quarrelsome, disorderly, lewd, immoral or unlawful conduct of any person on the premises." In this case, there is uncontroverted evidence that Batista was intoxicated and needed to be controlled, as provided in Raymond Ho's affidavit. Therefore, because Batista was disorderly and belligerent, the Defendants were under a duty to take action. This action was directly related to the selling, serving or giving alcoholic beverages to Batista which, under the terms of the liquor liability provision of the subject insurance policy, obligates CIE to defend W.T.P. in the underlying state action. Therefore the court holds that CIE is obligated to defend W.T.P. in the underlying state action.

In the alternative, the provision could be construed as being ambiguous about whether the defense of the state suit was covered under the policy. This, however, also results in the same conclusion, that CIE is obligated to defend W.T.P. "[A]n ambiguity in the policy ... under settled case law, especially in Hawaii, is construed against the drafter-insurer." *Okada v. MGIC Indemnity Corporation*, 608 F.Supp. 383, 386 (D.Haw.1985), *aff'd in relevant part, rev'd in part*, 823 F.2d 276 (9th Cir.1986). The *Okada* court also stated that "[a]n insurance policy should be construed according to the reasonable expectations of the insured." *Id.* at 387. Therefore, considering the language of the instant liquor liability provision, the circumstances of this case and Hawaii law, the

insurer has a duty to defend the insured, defendant W.T.P. in the underlying state action.

In *Okada v. MGIC Indem. Corp.*, this court stated the general rule is that a duty to defend arises when a third party claim presents a potential for recovery under the policy. 608 F.Supp. at 386–7 (citing *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966)). Plaintiff claims that it should not be required to defend defendants in the underlying state court action because the underlying nature of all the claims, especially the punitive damages claims, do not raise potential liability issues. Hawaii law provides that an insurer's duty to defend arises "whenever there is a potential for indemnification liability of insurer to insured under the terms of the policy." *First Insurance Co. of Hawaii v. State*, 66 Haw. 413, 417, 665 P.2d 648 (1983); *Standard Oil Co. of California v. Hawaiian Ins. & Guaranty Co., Ltd.*, 65 Haw. 521, 527, 654 P.2d 1345 (1982). In discussing the insurer's duty to defend the court stated:

> The fact that the pleadings state a cause of action that is not covered by the policy does not excuse insurer if another ground for recovery is stated that is covered because the duty to defend has broader aspects than the duty to indemnify. . . .

*Id.* at 417, 665 P.2d 648. Accordingly, the insurer is obligated to provide a defense against the allegations of covered as well as the non-covered claims. *Id.* at 417–18, 665 P.2d 648. The duty to defend is determined at the time suit is brought and not at the conclusion of litigation. Thus, an insurer's "ultimate non-liability should not free it from its concurrent contractual duty to defend." *Id.* at 420, 665 P.2d 648.

The potential for liability exists as to defendant W.T.P. from at least Counts I–VI, VIII and IX of the Complaint. Therefore, this court's determination that the liquor liability provision imposes potential for liability in the underlying state court claims gives rise to a duty to defend the insured, W.T.P., by plaintiff insurer.

Plaintiff contends that Raymond Ho is not an insured and therefore no obligation arises to defend. The language that provides a duty to defend in the policy states "the company shall have the right and duty to defend any suit against the insured seeking such damages." Coverage X (attached to defendants' moving papers). The applicable language from the policy states, "the company shall have the right and duty to defend any suit against *the insured* seeking such damages . . ." (emphasis added). The policy contains the named insured under Declaration 1 of the General Liability Policy which is "W.T.P., Inc. dba: MASQUERADE NIGHT CLUB." The liquor liability provision also specifically provides a definition of persons insured in Section II and states:

> Each of the following is an insured under this insurance to the extent set forth below:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

The parties did not cite to any authority which would indicate to this court that the above language includes a duty to defend employees of the organization. The policy names as insureds, executive officers, directors or stockholders. Of these, executive officers are employees of the organization. These types of employees are specifically included and it would appear unambiguous that other types of employees would be excluded. Therefore, no duty to defend exists as to Raymond Ho.

One district court has stated,

> Although [the employee] was acting as the agent, servant, or employee of [the employer] at the time of the accident, that fact alone does not automatically entitle him to coverage under the latter's insurance contract. He is only entitled to coverage under that contract if he qualifies as an additional insured under the contract's omnibus insured clause.

*Riviera Beach Volunteer Fire Co., Inc. v. Fidelity & C. Co. of N.Y.*, 388 F.Supp. 1114, 1121 (D.Md.1975). The omnibus clause referred to elaborated upon the definition of insured to include employees using vehicles with the named insured's permission. However, there is also an express exclusion that suits by fellow employees are not covered. The *Riviera* court stated in dicta,

> [w]hile it is normally true that in defending a principal against a claim based on the doctrine of *respondeat superior* one would also undertake to defend the agent for whose actions the principal is alleged to be liable, that is not to say that such a course is mandated. In the instant action, [the insurer] suggests that there are several defenses … which would shield it from liability even if the [driver] was held individually liable. Of course, if the defendant is wrong in that respect, its decision not to defend [the driver] could ultimately prove to be a costly one.

*Id.* at 1126. Moreover, it appears that if Raymond Ho was acting within the scope of his employment, he would be able to recover his costs and expenses against his employer, which would then entitle W.T.P. to recover these costs as damages from the insurer.

■ Plaintiff CIE further argues that no duty to defend arises because the punitive damages claims are specifically excluded from coverage under the subject insurance policy. There is an express exclusion of coverage for punitive or exemplary damages awarded against the insured. However, plaintiff's arguments regarding the negation of the duty to defend, fails to consider the applicable Hawaii law regarding the duty to defend when some counts are covered and some counts are not. As stated above, even if one count raises issues of potential liability, then the insurer has a duty to defend. *See First Insurance, supra.*

In view of the foregoing, the court is compelled to deny, without prejudice to refile, the defendants' motion for partial summary judgment with regard to the insurer's duty to defend Raymond Ho. As to the indemnity issue, the court will stay determination of this issue until moved on by the parties after the resolution of the underlying state court action.

SO ORDERED.